IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN ANN MUMFORD, SPIRIT ENTERPRISES INC., KARYN DELANEY, and BLUE SEA ENTERPRISES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-1280 |
| GNC FRANCHISING LLC, GENERAL NUTRITION CORP., GENERAL NUTRITION DISTRIBUTION CORP., and APOLLO MANAGEMENT LP, | ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Jean Anne Mumford ("Mumford"), Spirit Enterprises, Inc., Karyn Delaney, and Blue Sea Enterprises, Inc. (collectively, the "plaintiffs") owned and operated franchise stores subject to franchise agreements with defendants General Nutrition Corporation ("GNC"), GNC Franchising LLC, and General Nutrition Distribution LP (collectively, the "GNC Defendants"). Plaintiffs filed a civil action alleging various antitrust violations under sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, et seq. (the "Sherman Act"), and the Robinson-Patman Price Discrimination Act, 15 U.S.C. § 13(a) (the "Robinson-Patman Act"), and asserting state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of contract as third-party beneficiary, and negligent and fraudulent misrepresentation. GNC Defendants did not file an answer to plaintiffs' claims or file any counterclaims against

plaintiffs. Instead GNC Defendants moved to dismiss all plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims.

On June 29, 2006, this court entered an order dismissing with prejudice plaintiffs' federal antitrust claims under the Sherman Act and the Robinson-Patman Act. This court then declined to exercise supplemental jurisdiction over plaintiffs' pendent state law claims and dismissed those claims without prejudice at the same time.

On July 24, 2006, GNC Defendants filed a motion to reopen this case and to award them attorneys' fees and costs (the "Motion"). GNC Defendants argued that they are the prevailing party in this matter, and that as the prevailing party, they are contractually entitled to attorneys' fees and costs pursuant to the prevailing party clauses of the franchise agreements between plaintiffs and GNC Defendants. The court held a hearing on the Motion on July 20, 2007, and indicated that the Motion would be denied as untimely under Federal Rule of Civil Procedure 54(d)(2). GNC Defendants were granted an opportunity to file a supplemental brief on the issue of the timeliness of the Motion. GNC Defendants filed their supplemental brief on July 30, 2007.

For the reasons set forth below and on the record at the hearing on the Motion, the motion will be denied without prejudice to GNC Defendants' right to file a new complaint asserting a claim under the relevant franchise agreements and seeking damages.

**Discussion**

Rule 54(d) of the Federal Rules of Civil Procedure addresses claims for attorneys' fees and the methods by which a party can recover attorneys' fees in a civil action. The relevant provisions of Rule 54 are:

> **Rule 54. Judgments; Costs**
> **(a) Definition; Form.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.
> . . . .
> **(d) Costs; Attorneys' Fees.**
> **(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.
> **(2) Attorneys' Fees.**
> **(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.**
> **(B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought**. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

F ED. R .C IV. P. 54.

Importantly, Rule 54(d) recognizes two different methods for the recovery of attorneys' fees. Under Federal Rule of Civil Procedure 54(d)(2)(A), a party must file a motion to claim attorneys' fees "unless the substantive law governing the action provides for the recovery of such fees **as an element of damages to be proved at trial**." Id.(emphasis added). Under Federal Rule of Civil Procedure 54(d)(2)(B), if a motion is filed seeking attorneys' fees the motion must specify the judgment, statute, rule or other grounds entitling the moving party to the award, "**no later than 14 days after the entry of judgment**." Id. (emphasis added).

GNC Defendants argue that Federal Rule of Civil Procedure 54(d)(2)(B)(requiring a motion for fees to be filed within fourteen days after judgment) does not apply to this case because, "the substantive law governing the action provides for recovery of such fees as an element of damages to be proved at trial." FED. R. CIV. P. 54(d)(2)(A). GNC Defendants maintain that attorneys' fees are recoverable under the franchise agreements. In essence, GNC Defendants are requesting that this court award them attorneys' fees allegedly owed under the franchise agreements pursuant to Federal Rule of Civil Procedure 54(c) (which requires that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings").

GNC Defendants rely on several decisions to support their argument. See Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268 (11th Cir. 2000) (parties with court's consent agreed to bifurcate claims for attorneys' fees which would be heard after a bench trial and the court under those circumstances had discretion to award attorneys' fees to prevailing party); Thorstenn v. Barnard, 883 F.2d 217, 218 (3d Cir. 1989) (the defendants confused "the basis for plaintiffs' claim with the appropriate remedy"; complaints were filed and remedy of damages for attorneys' fees could be awarded under those claims; summary judgment motions were filed by the parties); Engel v. Teleprompter Corp., 732 F.2d 1238 (5th Cir. 1984) (non-jury trial held; plaintiffs sought, inter alia, contractual damages for attorneys' fees; defendants who had not plead damages for attorneys' fees in its pleadings prevailed on appeal; "district court held open the attorneys' fees issue" while the case was on appeal; court could have treated defendants' request for attorneys' fees as a motion to amend the pleadings and defendants had informed the trial court before judgment was entered that they planned to seek the award of attorneys' fees); Southern Industry of Clover Ltd. v. Zenev Textiles S.A., No. 02-8022, 2004 U.S. Dist. LEXIS

11759, *8 (S.D.N.Y. June 25, 2004) (after bench trial plaintiff requested attorneys' fees under a guaranty even though plaintiff had not requested attorneys' fees in its complaint; the issue of attorneys' fees was raised in "the pleadings, motion practices and prior proceedings in [the] case"; the court recognized that the United States Court of Appeals for the Third Circuit, as well as other courts of appeals, had held that attorneys' fees are special damages that must be specifically plead under Federal of Rule of Civil Procedure 9(g), but found that rule was not the law in the Second Circuit); Seybold v. Francis P. Dean, Inc., 628 F. Supp. 912 (W.D. Pa. 1986) (at close of the plaintiffs' case, a directed verdict was granted dismissing the plaintiffs' claim against one defendant and a cross-claim against another defendant; no formal pleading requesting attorneys' fees was filed, but the issue was raised prior to trial; the court deemed pleadings to be amended to request the attorneys' fees).

The decisions relied upon by GNC Defendants, however, are all inapposite to this case, because, with respect to those decisions, the courts had been apprised prior to entry of judgment that the request for award of attorneys' fees would be made and more importantly there were pleadings[1] filed by the party seeking attorneys' fees and those pleadings could have been amended or deemed amended to include seeking relief for attorneys' fees. In each of those decisions, decisions were reached on the merits after pleadings had been filed under which relief such as damages, in the form of attorneys' fees, could be awarded. In this case, GNC Defendants did not file a pleading; plaintiffs' claims have been dismissed and there is no claim

---

[1] Requests for attorneys' fees have been recognized as special damages required to be specifically stated in a pleading. See FED. R. CIV. P. 9(g); Maidmore Realty Co. v. Maidmore Realty Co., 474 F.2d 840, 843 (3d Cir. 1973) ("Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g). . . . In the absence of allegations that the pleader is entitled to attorney's fees, therefore, such fees cannot be awarded.")(citation omitted and emphasis added).

11759, *8 (S.D.N.Y. June 25, 2004) (after bench trial plaintiff requested attorneys' fees under a guaranty even though plaintiff had not requested attorneys' fees in its complaint; the issue of attorneys' fees was raised in "the pleadings, motion practices and prior proceedings in [the] case"; the court recognized that the United States Court of Appeals for the Third Circuit, as well as other courts of appeals, had held that attorneys' fees are special damages that must be specifically plead under Federal of Rule of Civil Procedure 9(g), but found that rule was not the law in the Second Circuit); Seybold v. Francis P. Dean, Inc., 628 F. Supp. 912 (W.D. Pa. 1986) (at close of the plaintiffs' case, a directed verdict was granted dismissing the plaintiffs' claim against one defendant and a cross-claim against another defendant; no formal pleading requesting attorneys' fees was filed, but the issue was raised prior to trial; the court deemed pleadings to be amended to request the attorneys' fees).

The decisions relied upon by GNC Defendants, however, are all inapposite to this case, because, with respect to those decisions, the courts had been apprised prior to entry of judgment that the request for award of attorneys' fees would be made and more importantly there were pleadings[1] filed by the party seeking attorneys' fees and those pleadings could have been amended or deemed amended to include seeking relief for attorneys' fees. In each of those decisions, decisions were reached on the merits after pleadings had been filed under which relief such as damages, in the form of attorneys' fees, could be awarded. In this case, GNC Defendants did not file a pleading; plaintiffs' claims have been dismissed and there is no claim

---

[1] Requests for attorneys' fees have been recognized as special damages required to be specifically stated in a pleading. See FED. R. CIV. P. 9(g); Maidmore Realty Co. v. Maidmore Realty Co., 474 F.2d 840, 843 (3d Cir. 1973) ("Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g). . . . In the absence of allegations that the pleader is entitled to attorney's fees, therefore, such fees cannot be awarded.")(citation omitted and emphasis added).

pending under which damages can be awarded to GNC Defendants. Under those circumstances, they are seeking damages in form of a motion which is contemplated under Rule 54(d)(2)(B) and which must be filed within fourteen days after the entry of judgement.

GNC Defendants' Motion and petition for attorneys' fees procedurally fails, because a motion under Rule 54(d)(2)(B) was not timely filed or alternatively, there is no pending action under which a recovery may be awarded to them. First, GNC Defendants' petition for attorneys' fees fails under Federal Rule of Civil Procedure 54(d)(2)(B), because they did not file their motion within fourteen days after the entry of judgment. This court entered its judgment in this case on June 29, 2006. GNC Defendants filed the present motion for attorneys' fees twenty-five days later on June 25, 2006.

Next, GNC Defendants' claim for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2)(A) is unavailing, because there is no underlying "action" which "provides for the recovery of such fees as an element of damages to be proved at trial." FED. R. CIV. P. 54(d)(2)(A). GNC Defendants argue that a contract claim based on a "prevailing party" fee shifting clause could be governed by Federal Rule of Civil Procedure 54(d)(2)(A), and the fourteen-day period would not apply. See Capital Asset Research Corp., 215 F.2d at 1270. In other words, they assert that the claim for attorneys' fees in those circumstances need not be asserted by motion, but would be asserted as part of the damages under the claim (which arguably can be a claim in a pleading that was deemed amended to include that claim) for which that kind of relief is available. GNC Defendants, however, never filed a pleading which included a claim for relief or that could be deemed amended to include a claim for the relief. GNC

6

Defendants did not answer plaintiffs' complaint.  Instead, they filed a motion to dismiss[2] plaintiffs' complaint which was granted.  GNC Defendants also did not advise this court prior to the entry of the order dismissing plaintiff's complaint that they intended to request an award of attorneys' fees.

### Conclusion

Under the specific circumstances of this case, there is no pending action under which GNC Defendants can procedurally, under Federal Rule of Civil Procedure 54(c), assert a claim for attorneys' fees as an element of damages to be proved at trial and their motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2)(B) was not timely filed.  Consequently, this court will not adjudicate GNC Defendants' petition for attorneys' fees in this case.  This conclusion is without prejudice to the right of GNC Defendants to file a new complaint asserting claims under the franchise agreements and seeking damages including for attorneys' fees.

### Order

**AND NOW**, this 11th day of October 2007, upon consideration of the defendants motion, oral argument, and supplemental brief, **IT IS HEREBY ORDERED** that defendant's motion to reopen docket and petition for attorneys' fees (Doc. 48) is **DENIED**.

---

[2]A motion to dismiss is not a pleading.  See FED. R. CIV. P. 7 (pleadings include complaint, answer, reply to counterclaim, answer to cross-claims, third party complaint and third-party answer and, by order of court, a reply to an answer or third-party answer); FED. R. CIV. P. 12 (contemplates filing motion to dismiss separate from a responsive pleading).

By the court:


\_\_/s/ Joy Flowers Conti\_\_\_
Joy Flowers Conti
United States District Judge


cc:     Counsel of Record